UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERVICE EMPLOYEES INTERNATIONAL
UNION NATIONAL INDUSTRY PENSION FUND,
and
STEPHEN ABRECHT, RODERICK S. BASHIR,
CHRISTOPHER BOUVIER, KEVIN J. DOYLE,
DAVID A. STILWELL, THOMAS LaMARTINA,       Case No. 15-11999
FRANK A. MAXSON, EDWARD J. MANKO,          Honorable David M. Lawson
JOHN J. SHERIDAN, and MYRIAM ESCAMILLA,
TRUSTEES OF THE SERVICE EMPLOYEES
INTERNATIONAL UNION NATIONAL INDUSTRY
PENSION FUND,

        Plaintiffs,

v.

SANDERS BUILDING SERVICES, INC., and
SANDERS BUSINESS SERVICES, INC.,

        Defendants.
_____/

## CONSENT JUDGMENT

It is hereby **ORDERED AND ADJUDGED** that the defendants are jointly and severally liable to the plaintiffs as follows:

1. The defendants shall pay $45,000.00 (the "Settlement Amount") to the Fund in full and final settlement of all monies owed to the Fund for Site 2608 and Site 2609 for the months of April 2008 through June 2015.  Payment is to be made as follows: Within fifteen (15) days of the Effective Date, Sanders shall pay, or cause to be paid, to the Fund the amount of $5,000.00 in a lump sum settlement payment, followed by twenty (20) monthly installments of $2,000.00 each, due on or before fifteenth day of the month following the month in which the initial $5,000.00 payment is made.  Settlement checks shall be made payable to SEIU National Industry Pension Fund, and shall

be sent to the attention of Matthew D. Watts, at Mooney, Green, Saindon, Murphy & Welch, P.C., 1920 L Street, N.W., Suite 400, Washington, D.C. 20036.

2. If Sanders fails to make any payment required under the payment plan in a timely manner or if any payment is denied by reason of insufficient available funds, Sanders shall be immediately liable to the Fund for the full Total Amount Due of $58,303.56 (which is for contributions, interest, liquidated damages, attorneys' fees and costs due for Site 2608 for the period of May 2009 through June 2015 and Site 2609 for the period of April 2008 through May 2011), plus additional interest that shall accrue on any unpaid amounts at the rate of 10% per annum during periods of non-payment and/or default (to be determined by the Fund), less payments made over the course of the above payment plan. The parties further agree that the amounts due shall be considered delinquent contributions under Section 515 of ERISA and that the Fund is entitled to recover all of the fees and costs that it may incur in any subsequent collection action.

3. Sanders shall grant to the Fund a security interest in Sanders's goods, inventory, chattel paper, accounts, inventory, equipment, monies, deposit accounts, rights to any payments and proceeds, and other intangibles. The Fund shall be responsible for filing a Uniform Commercial Code ("UCC") statement pertaining to this security interest. The security interest shall remain in effect so long as the Settlement Amount (or Total Amount Due, if applicable) remains unpaid.

4. The Court retains jurisdiction to enforce this Judgment.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: March 3, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI